**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4125**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MICHAEL WOODWARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:02-cr-00673-CWH-1)

———————

Submitted:  August 3, 2007            Decided:  August 23, 2007

———————

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Marcia G. Shein, LAW OFFICES OF MARCIA G. SHEIN, P.C., Decatur,
Georgia, for Appellant.  William E. Day, Winston D. Holliday, Jr.,
Assistant United States Attorneys, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Michael Woodward appeals the district court's order granting the government's Fed. R. Crim. P. 35(b) motion to reduce his sentence. Woodward argues, first, that the district court abused its discretion in determining the extent of the departure by considering incorrect information and matters apart from his cooperation and, second, that he should have received a more substantial departure to offset the benefit his co-defendants received from United States v. Booker, 543 U.S. 220 (2005). We affirm.

Woodward pled guilty in 2003 to conspiracy to possess oxycodone with intent to distribute, health care fraud, and money laundering, offenses which arose from his medical practice as owner and operator of a pain management center in Myrtle Beach, South Carolina. He subsequently testified at the trial of several doctors who were his former employees. At his first sentencing hearing, the district court accepted the parties' stipulation as to the drug amount for which Woodward was accountable over the greater amount recommended by the probation officer, and also reduced an adjustment for vulnerable victims under U.S. Sentencing Guidelines Manual § 3A1.1(b) (2002) from four levels to two levels. These changes reduced the total offense level from 43 to 39 and reduced

the advisory guideline range from life imprisonment[*] to 262-327 months.  The court then granted the government's motion for a substantial assistance departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2002), and imposed a sentence of 180 months imprisonment.

In 2006, the government filed a Rule 35(b) motion for reduction of sentence based on additional assistance Woodward had provided since his sentencing.  At a hearing in January 2007, the district court granted the government's motion, departed downward by an additional twenty-four months, and imposed a sentence of 156 months.  The court stated that, "[i]n our previous departure downward, we started with the sentence of 720 months, 60 years, and reduced that sentence to 180 months, which is 15 years."  The court stated that its practice was to "give a large departure downward the first time around . . . [a]nd any departures downward thereafter are not nearly as substantial."  The court further stated:

> Generally, we look at co-defendants and we look at what they are facing and what they have received by way of departures downward.  In trying to be consistent therewith, the same may be expected here; but I don't think the same treatment is warranted.  I do think, however, that some reason for such apparently inconsistent treatment should be stated for the record.

---

[*]Because each count carried a statutory maximum of 240 months, pursuant to USSG § 5G1.2(d), the guideline range became consecutive sentences of 240 months for each count, or 720 months.

I, frankly, feel that Doctor Woodward's involvement in this matter was entirely different from those of his co-defendants. He was the one that started this entire criminal endeavor. He was the one that put it together and made it work. He brought the others in.

It's obvious to me that none of these others are capable of doing what Doctor Woodward did nor, in my judgment, are they threats to do that. They were down on their luck, if you please. They were certainly not the most successful doctors around. He picked them, put them down there, put them on their feet and gave them a way to make money.

I don't think that we have to worry about those defendants. And I speak of the other doctors that were involved and the other personnel that were involved committing similar crimes.

And for that reason, I have concluded in their cases that they should not be incarcerated for long periods of time. I have concluded in their cases that they do not have the wherewithal to write prescriptions for illegal drugs anymore not is it likely that they ever will.

In the case of Dr. Woodward, I suspect strongly that, if I were to release him today, he would start another clinic such as the one in Myrtle Beach in short order. He's capable of doing that, and I believe that he is at risk [to] do that.

In this appeal, the first issue is the appealability of the district court's order granting the Rule 35(b) motion. "[A]ppeals from rulings on Rule 35(b) motions are governed by 18 U.S.C. § 3742 [2000]. . . ." United States v. Hartwell, 448 F.3d 707, 712 (4th Cir. 2006) (citing United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995)). We lack "jurisdiction to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect

application of the Guidelines." <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995). However, if a defendant "alleg[es] that his otherwise final sentence was imposed in violation of law he may make that claim in appealing a ruling on a Rule 35(b) motion." <u>Hartwell</u>, 448 F.3d at 713.

Woodward's claim that the district court considered incorrect information and erred in considering information other than his cooperation amounts to a claim that he was sentenced in violation of law. Therefore, we have jurisdiction over his appeal.

Woodward first alleges that the district court erroneously stated that his guideline range was initially 720 months, and thus the court "misstated the record in terms of where the § 5K1.1 departure started from and why the Rule 35 reduction should be limited." While Woodward is correct in saying that the district court did not begin its departure at 720 months, it is not clear from the record that the court meant to say that it departed from 720 months to 180 months. Rather, it appears that the court stated correctly that, at the first sentencing hearing, Woodward's sentence was reduced overall from 720 months to 180 months. Although the court failed to explain the steps by which the sentence was reduced, we are satisfied that any misstatement does not establish that the court's ruling on the Rule 35 motion constituted a sentence in violation of law.

Woodward also asserts that the court abused its discretion by making an unsupported distinction between him and his co-defendants, thus "creating unwarranted co-defendant disparity . . . ." Having heard the trial evidence, the court assessed Woodward's culpability relative to his co-defendants differently than Woodward would have liked, but Woodward has not established that the court relied on incorrect information. In a related claim, Woodward contends that the court erred when it considered factors apart from his assistance in deciding to give a lesser departure than it did at the first sentencing. While we have held that the district court may consider only the defendant's assistance in deciding how far it will depart downward to reward the defendant, United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999), several circuits have held the court may consider other factors in limiting the extent of the departure. United States v. Neary, 183 F.3d 1196, 1198 (10th Cir. 1999); United States v. Manella, 86 F.3d 201, 203-05 (11th Cir. 1996); United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir. 1994). Thus, the sentencing court may not grant a substantial assistance departure or augment such a departure based on factors other than assistance, but it may consider other factors to limit the departure. United States v. Doe, 351 F.3d 929, 932-33 (9th Cir. 2003).

In light of these authorities, we conclude that the district court did not abuse its discretion or impose sentence in

violation of law by referring to factors other than Woodward's assistance to explain the extent of its departure. Moreover, under Pearce, Woodward's claim that he should have received a greater departure to give him a benefit from Booker is without merit.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED