**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6831

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE FRANZ LINDSAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:00-cr-00603-CWH-9)

Submitted:  October 31, 2007        Decided:  November 15, 2007

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney; Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Franz Lindsay appeals from the district court's order granting the Government's Fed. R. Crim. P. 35(b) motion, but imposing a zero-month departure. On appeal, Lindsay argues that the district court improperly considered his prior substantial assistance, for which a departure had already been given, when considering the Rule 35(b) motion. The Government argues first that this court lacks jurisdiction to consider the extent of the departure. Further, the Government contends that the district court erred in compelling the Government to file the Rule 35(b) motion, absent any showing of bad faith or unconstitutional motive. We affirm.

"[A]ppeals from rulings on Rule 35(b) motions are governed by 18 U.S.C. § 3742 [2000]. . . ." United States v. Hartwell, 448 F.3d 707, 712 (4th Cir.), cert. denied, 127 S. Ct. 328 (2006). We do not have "jurisdiction to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995) (emphasis in original). However, if a defendant "alleg[es] that his otherwise final sentence was imposed in violation of law . . . [h]e may make that claim in appealing a ruling on a Rule 35(b) motion." Hartwell, 448 F.3d at 713. Lindsay's claim that

- 2 -

the district court erred in considering information other than his post-sentence cooperation amounts to a claim that he was sentenced in violation of law.  Therefore, we have jurisdiction to hear his appeal.

Turning to the merits of his appeal, Lindsay alleges that the district court erroneously considered a prior substantial assistance departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2004), and his sentence as a whole, instead of focusing only on his post-sentencing assistance.  While the sentencing court may not grant a substantial assistance departure, or augment such a departure based on factors other than assistance, it may consider other factors to limit the departure.  See United States v. Doe, 351 F.3d 929, 932-33 (9th Cir. 2003).  As such, the district court did not impose a sentence in violation of law by referring to factors other than Lindsay's most recent assistance to explain why it did not grant a greater departure.  Because this conclusion is determinative of this appeal, we decline to address the Government's argument that it was improperly ordered to file the Rule 35 motion.

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions  are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -