**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 10-5234

DARRIN MARCUS DAVIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(4:08-cr-00869-TLW-1)

Argued: March 23, 2012

Decided: May 9, 2012

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Niemeyer and Judge King concurred.

## COUNSEL

**ARGUED:** Wallace H. Jordan, Jr., WALLACE H. JORDAN, JR., PC, Florence, South Carolina, for Appellant. Jimmie Ewing, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Wil-

liam N. Nettles, United States Attorney, Columbia, South Carolina, for Appellee.

---

**OPINION**

AGEE, Circuit Judge:

Darrin Marcus Davis appeals from the judgment of the district court granting a motion for reduction of his sentence under Federal Rule of Criminal Procedure 35(b). The district court determined that although Davis' substantial assistance warranted a reduction in his existing sentence, the nature of Davis' offense of conviction, his criminal history, and a prior reduction in his Guidelines range pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2011) were proper factors to be considered in determining the extent of any sentence reduction. Davis contends considering factors other than his substantial assistance when determining the extent of a Rule 35 reduction was reversible error. For the reasons stated below, we affirm the district court's judgment.

I.   Factual and Procedural Background

On July 24, 2008, Investigator Kathleen Streett of the Florence County, South Carolina Sheriff's Office pulled into the parking lot of the Midway Grill ("the store") in Effingham, South Carolina as Davis was exiting his car. First noticing that the Texas plates on Davis' car matched the description of a vehicle whose driver had just stolen gasoline from a nearby store, Streett then recognized Davis from previous law enforcement interaction. Streett observed Davis exiting his car and entering the store as she arrived.

Davis entered the store, waited for a customer to leave, and then pointed a loaded firearm at the cashier. Davis took the store's cash and walked out of the store.

Lieutenant Michael Brumbles, who arrived on the scene around the same time as Streett, approached Davis as Davis exited the store with his gun in his hand. Davis became violent and resisted arrest. Streett described the fight as "fairly incredible" and said "[t]he only reason I did not shoot Darrin that day was because I would have had to shoot [Brumbles] at the same time." JA 39. According to both officers, Davis tried to reach his firearm several times during the fight. Both officers told the court that they suspected Davis was under the influence of drugs or alcohol. The officers, along with the help of the manager of the store, eventually subdued Davis, pepper sprayed him, took his firearm, and put him in handcuffs.

The Government originally charged Davis with three counts: robbing a store involved in interstate commerce at gunpoint, in violation of 18 U.S.C. § 1951(a) ("Count One"); using and carrying a firearm during a crime of violence and possessing it in furtherance of that crime, in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(c)(1)(C)(2) ("Count Two"); and being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). Davis pled guilty to Counts One and Two, and the Government voluntarily dismissed Count Three. The presentence investigation report (PSR) calculated Davis' advisory Guidelines range at 114 to 121 months.

Between his conviction and sentencing, Davis supplied police with substantial information that assisted in multiple investigations and convictions. In exchange for this substantial cooperation, the Government moved to reduce Davis' Guidelines range pursuant to USSG § 5K1.1 (2011).[1] The district court granted the Government's request for a four-level

---

[1]USSG § 5K1.1 states that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

reduction of Davis' offense level, from 19 to 15, but simulta-
neously expressed concern that the defendant's crime was
violent in nature, and thus deserving of substantial punish-
ment. The court noted that the "defendant has been in some
trouble before. And that weighs with me." SJA 24. It also
considered that "[t]here was a victim in this case. The person
who had the firearm pointed it [sic] at him. . . . [T]his is a
very serious offense . . . . It was a violent crime." *Id*. After the
court reduced the offense level, resulting in an advisory
Guidelines range of 70 to 87 months, it sentenced Davis to 36
months on Count One and 50 months (consecutive) on Count
Two, for a resulting sentence of 86 months.

Some time later, the Government filed a motion under Rule
35(b) to further reduce Davis' sentence based on his coopera-
tion.[2] At the Rule 35(b) hearing the Government detailed to
the district court the assistance Davis provided, and asked the
court to reduce Davis' sentence by an additional 26 months
from the original sentence imposed (which would yield a sen-
tence of 60 months).

In explaining Davis' cooperation with authorities, the Gov-
ernment cited the information Davis provided as being instru-
mental in arresting, convicting, or increasing the sentence for
four criminals, including a murderer, a heroin dealer, and a
prison guard who was supplying inmates with cellphones.
Davis also gave information relating to four other cases that
had not been closed as of the Rule 35(b) hearing. According
to the Government, Davis even "got his fiance [sic] to become
a confidential informant to try to make arrangements to meet
[the prison guard supplying inmates with phones]," and the
guard was arrested immediately after accepting Davis' fian-

---

[2]Although the Government detailed the extent of Davis' cooperation at
the hearing on the Rule 35(b) motion, the record does not reflect whether
the Government's motion was made based upon cooperation by Davis that
occurred prior to his initial sentencing, in the time between sentencing and
the Rule 35(b) motion, or both.

ce's bribe. JA 19. Davis believed he put his safety at risk by becoming such a thorough jailhouse informant. His attorney told the court that Davis "is very much of the impression that he is under significant physical danger to the point that he has been taken out of the general population facility that he is in and is now being held in isolated custody as a result of potential damage to him." JA 23.

At the initial hearing on the Rule 35(b) motion, the district court noted the violent nature of Davis' crime and decided that it should hear from the victim before making a further sentence reduction of the requested proportion. At the continued hearing, the store employee at whom Davis pointed the gun was unable to testify, but a victim coordinator, testifying on the victim's behalf, stated that the victim now felt "he needed to have weapons or at least be trained in order to protect himself." JA 42. Investigator Streett and Lieutenant Brumbles also testified about the violent nature of Davis' arrest, Davis' attempts to reach the loaded gun in his pants during the fight, and their suspicions that he was under the influence of drugs or alcohol on the day of the robbery.

The district court then observed that while the decision to grant the motion could only be based on the defendant's cooperation, the court's review of other Rule 35(b) cases indicated that "to limit a reduction [is] a proper exercise of judicial discretion," and that it could consider other factors in determining the extent of a Rule 35(b) sentence reduction. JA 49.

Accordingly, the court considered not only Davis' cooperation, but his "violent offense," his "prior record for burglary and grand larceny," and that he "received a prior reduction" pursuant to USSG § 5K1.1. JA 47. Utilizing all these factors, the court decided a fourteen-month reduction was the appropriate Rule 35(b) sentence reduction. The court thus ordered

a resulting sentence of 72 months' imprisonment instead of the 60-month reduced sentence requested by the Government.[3]

Davis filed a timely notice of appeal. He contends the district court's consideration of sentencing factors other than his substantial cooperation when determining the extent of the sentence reduction pursuant to Rule 35(b) requires vacation of his sentence and resentencing.

## II.   Jurisdiction

Although neither Davis nor the Government question our jurisdiction to hear this appeal, "we are obliged to satisfy ourselves of subject-matter jurisdiction, even where the parties concede it." *United States v. Urutyan*, 564 F.3d 679, 684 (4th Cir. 2009). In that regard, we have previously held that an appeal from a district court's decision to deny the Government's Rule 35(b) motion "is an appeal from an otherwise final sentence," and that "appeals from Rule 35(b) rulings should be governed by [18 U.S.C.] § 3742." *United States v. Pridgen*, 64 F.3d 147, 149 (4th Cir. 1995). That statute provides that a defendant can appeal a final sentence if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more

---

[3]The court left Davis' 36-month sentence on Count One undisturbed, reducing Davis' consecutive sentence on Count Two from 50 to 36 months.

limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Section 3742 does not give this Court jurisdiction to review any part of a discretionary sentencing decision. However, § 3742(a)(1) does vest a court of appeals with jurisdiction to hear challenges to the lawfulness of the method used by the district court in making its sentencing decision.

In *Pridgen*, we held that a defendant cannot appeal the district court's refusal to grant a Rule 35(b) motion and depart downward from the sentencing guideline because that is a discretionary decision not within the scope of § 3742(a). 64 F.3d at 149–50. We concluded, however, that the defendant's challenge to the district court's decision not to grant an evidentiary hearing on the Rule 35(b) motion fell within the ambit of § 3742(a)(1) because that claim of error was based on the contention that the method used by the court to make its decision was unlawful. *Id*. at 150. Accordingly, we had appellate jurisdiction to review the issue concerning an evidentiary hearing.

In the case at bar, we similarly conclude that appellate jurisdiction exists over Davis' appeal. In claiming that the district court was wrong as a matter of law to consider any factors other than his assistance to law enforcement in determining the extent of his sentence reduction, Davis challenges the lawfulness of the district court's sentencing methodology, not the discretionary appropriateness of its ultimate decision. *See United States v. Chapman*, 532 F.3d 625, 628-29 (7th Cir. 2008) (finding jurisdiction under § 3742(a) to review claim that district court erred in using factors other than defendant's cooperation in determining the extent of a sentence reduction under Rule 35(b)).

Although there exists some disagreement as to whether an appellate court retains jurisdiction over the appeal once it concludes that the sentence was lawfully imposed, *compare Chapman*, 532 F.3d at 629, 632 (affirming after concluding sentence was lawful pursuant to § 3742(a)), *with United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999) (dismissing after reaching same conclusion), the Supreme Court has made clear that the courts of appeals have jurisdiction to determine, at a minimum, whether the sentence was lawfully imposed.

> Although we ultimately conclude that respondent's sentence was not "imposed in violation of law" and therefore that § 3742(a) does not authorize an appeal in a case of this kind, it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction. In order to make that determination, it was necessary for the [court of appeals] to address the merits. We therefore hold that appellate jurisdiction was proper.

*United States v. Ruiz*, 536 U.S. 622, 628 (2002) (internal citation omitted).[4]

### III.   Rule 35(b)

We consider, de novo, whether the district court erred in considering factors other than Davis' cooperation with police when determining the extent of a sentence reduction following the grant of the Rule 35(b) motion. *See United States v. Moore*, 666 F.3d 313, 320 (4th Cir. 2012) ("In the context of

---

[4]The issue of whether to dismiss or merely affirm upon holding that the sentence was not imposed in violation of law was neither briefed nor raised by the parties in this case. Because, pursuant to *Ruiz*, we have jurisdiction over the merits of the appeal (at least for the purposes of determining our jurisdiction), we proceed to affirm as the proper disposition in this case.

sentencing, we review the district court's legal determinations de novo . . . .") (quoting *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008)); *United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) ("Whether a particular factor is a permissible basis for departure is an issue of law reviewed de novo.").

On appeal, Davis argues that the Rule 35(b) hearing is an improper venue to reconsider other sentencing factors, which should have been considered by the district court only in the first instance at his initial sentencing. The Government notes that the text of Rule 35(b) does not explicitly limit the district court's consideration of other sentencing factors, and argues that consideration of such other factors may be warranted to ensure that the ultimate sentence imposed is neither unreasonable nor unjust.

We have previously stated that "when deciding whether to *grant* a Rule 35(b) motion, a district court may not consider any factor other than the defendant's substantial assistance to the government." *United States v. Clawson*, 650 F.3d 530, 537 (4th Cir. 2011) (emphasis added). However, our opinion in *Clawson* was explicitly limited to that threshold decision of whether to grant a Rule 35(b) motion. *Clawson* expressly did not address what factors the district court could consider in determining the *extent* of any departure from the original sentence should the Rule 35(b) motion be granted. *Id.* at 532, n.1 ("Because the district court here used a factor other than cooperation to justify its threshold grant of the motion, we need not reach [the issue of whether factors other than cooperation may be considered in decreasing the extent of a reduction.]") (emphasis omitted). *Clawson* does not control our decision here because the issue Davis raises is precisely that which *Clawson* expressly does not consider: whether the district court erred in considering other sentencing factors contained in 18 U.S.C. § 3553(a) in determining the *extent* of a sentence reduction. *See id.*

The district court's authority to consider other factors in limiting the extent of a sentence reduction is an issue of first impression in the Fourth Circuit.[5] For the reasons stated below, we hold that the district court can consider other sentencing factors, besides the defendant's substantial assistance, when deciding the extent of a reduction to the defendant's sentence after granting a Rule 35(b) motion.

In construing the district court's authority under a rule, we start with the rule's plain language. *Cf. Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485, (1917) ("unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language . . . ."). Federal Rule of Criminal Procedure 35(b)(1) states: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Nothing in the plain language of Rule 35(b) restricts the district court from considering other factors when determining the extent of the sentence reduction.[6]

---

[5]There are three unpublished Fourth Circuit cases upholding a district court's authority to consider factors other than the defendant's substantial assistance in determining the extent of any reduction in sentence under a granted Rule 35(b) motion. *See United States v. Woodward*, 245 F. App'x 320, 323 (4th Cir. 2007) (unpublished) ("Thus, the sentencing court may not grant a substantial assistance departure or augment such a departure based on factors other than assistance, but it may consider other factors to *limit* the departure.") (emphasis added) (quoting *Doe*, 351 F.3d at 932–33); *United States v. Lindsay*, 254 F. App'x 168, 169–70 (4th Cir. 2007) (same); *United States v. McFarlin*, 416 F. App'x 301, 302 (4th Cir. 2011) (same). These opinions are not binding precedent. *See* 4th Cir. R. 32.1 (discouraging citation to unpublished opinions issued before 2007).

[6]This is in contrast to making the determination of whether or not to grant the Rule 35(b) motion, which the Rule's plain language states can only be based on the defendant's substantial assistance. *See Clawson*, 650 F.3d at 535-36.

Furthermore, allowing the district court to consider all relevant sentencing factors is consistent with the broad discretion afforded to the district court during sentencing. *See Cunningham v. California*, 549 U.S. 270, 285 (2007) (quoting *United States v. Booker*, 543 U.S. 220, 233) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within the statutory range."). Additionally, 18 U.S.C. § 3553(a) states that the sentencing court "shall consider" the litany of sentencing factors listed by the statute, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Were we to agree with Davis' position—that the district court can only consider the extent of his cooperation when deciding how much to reduce his sentence—we would void the court's ability to use its discretion in balancing the sentencing factors to determine an appropriate sentence. For example, the sentencing judge could be presented with a Rule 35(b) motion based on the significant cooperation of a mass murderer or, like Davis, a repeat offender with a violent history. Should we hold that the court is prohibited from considering factors other than substantial assistance in determining the extent by which to reduce the defendant's sentence, it would not be permitted to select a sentence based on the continuing danger the defendant poses to society, the heinous nature of his crimes, or other factors relevant to determine an appropriate sentence for the offense committed. Nothing in Rule 35 or its authorizing statute, 18 U.S.C. § 3553(e), requires that the district court adjudicate in such an abstract vacuum.

Our conclusion that the sentencing court is not so limited is consistent with the decisions of most circuit courts of appeals to consider this issue. The Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all explicitly held that the district court had full authority under Rule 35(b) and correctly considered factors other than the substantial assistance when

deciding the extent of the sentencing reduction.[7] *See United States v. Rublee*, 655 F.3d 835, 839 (8th Cir. 2011) ("[A court's] decision to *limit* the § 3553(e) reduction, as opposed to extending it further downward, need not be based only on factors related to the assistance provided."); *Chapman*, 532 F.3d at 629 ("[W]e conclude that the district court did not act in violation of the law when it considered the defendants' prior criminal histories and the seriousness of their offenses in determining the extent of the reductions granted under Rule 35(b)."); *Doe*, 351 F.3d at 933 ("[A] district court's consideration of relevant factors other than a defendant's substantial assistance to the government is a proper exercise of its discretion."); *United States v. Neary*, 183 F.3d 1196, 1197–98 (10th Cir. 1999) (finding that consideration of other factors when determining the extent of the Rule 35(b) reduction is not facially illegal); *United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996) ("Rule 35(b) does not prohibit the consideration of [the § 3553(a)] factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance.").

Imposing appropriate sentences requires that courts be able to balance all relevant sentencing factors when determining a defendant's actual sentence reduction. In view of this necessary balancing, consistent with the support for that proposition throughout the other circuits, we find no error in the district court's consideration of Davis' criminal history, the

---

[7]Although at first glance the Sixth Circuit's decision in *United States v. Grant*, 636 F.3d 803, 814 (6th Cir. 2011) (en banc) may appear to be contrary to the holding of the other circuits, a closer reading reveals that it is not. While the language in *Grant* initially seems to agree with Davis' position, the court actually acknowledges that "the extent of the reduction might be tempered" by other sentencing factors. *Id.* at 817. The Sixth Circuit's opinion stated that the "implications [of *Grant*] . . . are quite similar to those of our sister circuits." *Id.* Because the case acknowledges that factors other than cooperation can be considered in a Rule 35(b) reduction hearing, the Sixth Circuit's *Grant* decision is consistent with that of the other circuits cited herein.

violent nature of the crime of conviction, and the significant reduction he had already received to his advisory Guidelines range when deciding the extent of his sentence reduction after granting the Rule 35(b) motion.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*