**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-6884**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

ANDREW THOMAS TYNER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:09-cr-00892-GRA-1)

_____

Submitted:  January 9, 2013        Decided:  April 5, 2013

_____

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.  Judge Diaz wrote a separate opinion concurring in the result.

_____

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina; Kimberly H. Albro, Research and Writing Specialist, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Thomas Tyner pleaded guilty to coercing a minor to engage in sexual conduct, in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2012); transportation of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2012); and possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2012). The district court originally sentenced Tyner to 180 months of imprisonment. The Government subsequently filed a Fed. R. Crim. P. 35(b) motion for a sentence reduction based on Tyner's substantial assistance. After a hearing, the district court denied the motion, and Tyner now appeals. For the reasons that follow, we affirm.

We review a district court's order granting or denying a Rule 35(b) motion de novo. See United States v. Clawson, 650 F.3d 530, 535 (4th Cir. 2011). Tyner argues that the district court erred in considering factors other than his substantial assistance in deciding to deny the Rule 35(b) motion. While we have previously held that a district court may not consider any factor other than substantial assistance in granting a Rule 35(b) motion, see id. at 535-37, it is an open question in this circuit whether a court may consider other factors in determining that a Rule 35(b) motion should be denied. Compare United States v. Thornsbury, 670 F.3d 532, 535 n.3 (4th Cir.)

2

(noting Clawson left that question open), cert. denied, 133 S. Ct. 196 (2012), with United States v. Davis, 679 F.3d 190, 196 n.6 (4th Cir. 2012) (noting in dicta that Rule 35(b) limits consideration to substantial assistance when deciding "whether or not to grant" such a motion).

However, we decline to decide in this case whether a district court may consider other factors in denying a Rule 35(b) motion, because we conclude that the Government has demonstrated that any error the district court might have committed was harmless. See United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (government may avoid reversal under harmless error standard if "error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's [correct consideration] would not have affected the sentence imposed") (internal quotation marks and citations omitted).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED

3

DIAZ, Circuit Judge, concurring in the result:

Applying harmless error analysis, the government contends, and the majority accepts, that even if the district court had first granted the government's Rule 35(b) motion based solely on substantial assistance before separately considering the extent of any sentence reduction, the court would nevertheless have refused to reduce Tyner's sentence because Tyner had already received a significant sentence variance and there was a likelihood that he would reoffend. But this conclusion is circular, as the act of granting a Rule 35(b) motion *is* the sentence reduction, just as the rejection of a sentence reduction *is* the denial of the motion.

In my view, the proper harmless error inquiry would instead ask whether the district court would have denied a sentence reduction under Rule 35(b) based solely on the merits of Tyner's assistance to the government. Because I cannot confidently answer that question "yes" on this record, I find it necessary to address what the majority acknowledges is an open question in this circuit: whether a district court may consider other factors in denying a Rule 35(b) motion. I would hold that it can.

Specifically, I agree with our sister circuits that a district court may properly consider factors other than substantial assistance in denying a Rule 35(b) motion. *See*

4

United States v. Chapman, 532 F.3d 625, 629 (7th Cir. 2008) ("Nothing in the text of Rule 35(b) limits the factors that may militate against granting a sentence reduction . . . ."); United States v. Doe, 351 F.3d 929, 933 (9th Cir. 2003) (holding that a district court's consideration of factors other than a defendant's substantial assistance is a proper exercise of its discretion in denying a Rule 35(b) motion); United States v. Manella, 86 F.3d 201, 204 (11th Cir. 1996) ("[T]he only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate against granting a Rule 35(b) reduction."). Accordingly, the district court did not err in considering the variance Tyner had already received in sentencing or Tyner's likelihood of recidivism when it denied the government's Rule 35(b) motion.

For these reasons, I concur in the result affirming the district court's order.