Affirmed by unpublished PER CURIAM opinion. Judge DIAZ wrote a separate opinion concurring in the result.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Andrew Thomas Tyner pleaded guilty to coercing a minor to engage in sexual conduct, in violation of 18 U.S.C.A. § 2251(a) (West Supp.2012); transportation of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(l) (West Supp.2012); and possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp.2012). The district court originally sentenced Tyner to 180 months of imprisonment. The Government subsequently filed a Fed.R.Crim.P. 35(b) motion for a sentence reduction based on Tyner’s substantial assistance. After a hearing, the district court denied the motion, and Tyner now appeals. For the reasons that follow, we affirm.
We review a district court’s order granting or denying a Rule 35(b) motion de novo. See United States v. Clawson, 650 F.3d 530, 535 (4th Cir.2011). Tyner argues that the district court erred in considering factors other than his substantial assistance in deciding to deny the Rule 35(b) motion. While we have previously held that a district court may not consider any factor other than substantial assistance in granting a Rule 35(b) motion, see id. at 535-37, it is an open question in this circuit whether a court may consider other factors in determining that a Rule 35(b) motion should be denied. Compare United States v. Thornsbury, 670 F.3d 532, 535 n. 3 (4th Cir.) (noting Clawson left that question open), cert. denied, -U.S. -, 133 S.Ct. 196, 184 L.Ed.2d 100 (2012), with United States v. Davis, 679 F.3d 190, 196 n. 6 (4th Cir.2012) (noting in dicta that Rule 35(b) limits consideration to substantial assistance when deciding “whether or not to grant” such a motion).
However, we decline to decide in this case whether a district court may consider other factors in denying a Rule 35(b) motion, because we conclude that the Government has demonstrated that any error the district court might have committed was harmless. See United States v. Boulware, 604 F.3d 832, 838 (4th Cir.2010) (government may avoid reversal under harmless error standard if “error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court’s [correct consideration] would not have affected the sentence imposed”) (internal quotation marks and citations omitted).
Accordingly, we affirm the district court’s order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED.