**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4771**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

QUINTON MICHAEL SPINKS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00350-TDS-2)

———————

Argued:  September 16, 2014          Decided:  October 28, 2014

———————

Before MOTZ and KING, Circuit Judges, and DAVIS, Senior Circuit
Judge.

———————

Affirmed by published opinion.  Judge Motz wrote the opinion, in
which Judge King joined.  Senior Judge Davis wrote a separate
opinion concurring in the judgment.

———————

**ARGUED**: John Arthur Duberstein, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Greensboro, North Carolina, for Appellant.  Harry L.
Hobgood, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.  **ON BRIEF**: Louis C. Allen, Federal
Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Greensboro, North Carolina, for Appellant.  Ripley Rand, United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Greensboro, North Carolina, for Appellee.

———————

DIANA GRIBBON MOTZ, Circuit Judge:

Quinton Michael Spinks challenges his 84-month sentence for conspiracy to distribute cocaine and cocaine base. He contends that the district court erred in declining to consider any 18 U.S.C. § 3553(a) factors other than substantial assistance when determining the extent of his sentence reduction below the mandatory minimum. For the reasons that follow, we affirm.

I.

This case comes to us a second time.

In 2008, Spinks pled guilty to one count of conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846. Because the Government had filed an Information of Prior Conviction under 21 U.S.C. § 851, the district court determined that a mandatory statutory minimum sentence of 240 months applied. Pursuant to 18 U.S.C. § 3553(e), the Government moved for, and the district court granted, a thirty percent downward departure on the ground that Spinks had provided substantial assistance in the prosecution of a codefendant. When Spinks requested an additional reduction for factors other than substantial assistance, the court rejected his request. The district court thus reduced Spinks' 240-month mandatory minimum by thirty percent, and imposed a sentence of 168 months. Spinks appealed, and we affirmed. See

2

United States v. Spinks, 373 F. App'x 426 (4th Cir. 2010) (per curiam).

In 2012, Spinks filed a § 2255 motion requesting relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government conceded that the underlying felony supporting the original § 851 enhancement no longer qualified to enhance the mandatory minimum sentence. It further waived any objection to Spinks' failure to comply with the one-year limitations period. The district court then set the case for resentencing.

At resentencing, after the removal of the conviction that, given Simmons, no longer qualified as a predicate felony, Spinks' new mandatory minimum became 120 months under 21 U.S.C. § 841(b)(1)(A). The Government renewed its § 3553(e) motion for a thirty percent downward departure for Spinks' substantial assistance; the district court again granted the motion, reducing Spinks' sentence to 84 months imprisonment.

Spinks' counsel did not ask for a greater adjustment on the basis of substantial assistance, but did ask the court to consider "some additional amount beyond the [thirty] percent," because of Spinks' "rehabilitation in the Bureau of Prisons and what he has done since" his first sentencing. The district court concluded that once it had departed below the mandatory minimum for a defendant's substantial assistance, it did not

3

have the authority to depart further based on other § 3553(a) factors. Accordingly, the court reduced Spinks' 120-month mandatory minimum by just thirty percent, and imposed a sentence of 84 months. Spinks timely noted this appeal, challenging only his sentence.

We review the district court's legal determinations de novo. United States v. Moore, 666 F.3d 313, 320 (4th Cir. 2012). Thus, we consider de novo whether the court could consider, pursuant to § 3553(e), non-assistance factors when determining the extent of a sentence reduction below a statutory mandatory minimum sentence.

## II.

Section 3553(e) grants a sentencing court authority, upon the Government's motion, "to impose a sentence below a level established by statute as a minimum sentence" for a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). Spinks asserts that the district court erred because it did not consider factors other than his substantial assistance -- specifically, his post-conviction rehabilitation -- in determining the extent of his sentence reduction below the mandatory minimum. But our precedent on this point is clear: the extent of a § 3553(e) departure below a mandatory minimum

4

must be based solely on a defendant's substantial assistance and factors related to that assistance.

In <u>United States v. Hood</u>, 556 F.3d 226 (4th Cir. 2009), we squarely addressed whether a district court can consider non-assistance factors in determining the extent of a departure from a mandatory minimum sentence under § 3553(e). Like Spinks, the defendant in <u>Hood</u> argued that a sentence imposed pursuant to a § 3553(e) departure should be measured by non-assistance factors. <u>Id.</u> at 234 n.2. We concluded that the extent of a § 3553(e) departure below a mandatory minimum could be based "solely on the defendant's substantial assistance and other factors related to that assistance." <u>Id.</u> We reasoned that "[o]nly Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the <u>limited</u> purpose stated there -- 'to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.'"

<u>Id.</u> at 233 (quoting 18 U.S.C. § 3553(e)) (emphasis in original)).[1]

<u>Hood</u> controls here. After the Government renewed its request for a thirty percent downward departure for Spinks' substantial assistance, he requested that the court consider his rehabilitation and depart further below the mandatory minimum. Following <u>Hood</u>, the district court correctly concluded that, once it had departed below a mandatory minimum sentence on the basis of a defendant's substantial assistance, it could not further depart based on any non-assistance factor.

III.

Spinks contends, however, that our recent holding in <u>United States v. Davis</u>, 679 F.3d 190 (4th Cir. 2012) and the Supreme Court's recent holding in <u>Pepper v. United States</u>, 131 S. Ct. 1229 (2011) abrogate <u>Hood</u>. Both arguments fail.

---

[1] Every circuit to consider this question has agreed. <u>See</u> <u>United States v. Grant</u>, 636 F.3d 803 (6th Cir. 2011); <u>United States v. A.B.</u>, 529 F.3d 1275 (10th Cir. 2008); <u>United States v. Richardson</u>, 521 F.3d 149 (2d Cir. 2008); <u>United States v. Mangaroo</u>, 504 F.3d 1350 (11th Cir. 2007); <u>United States v. Williams</u>, 474 F.3d 1130 (8th Cir. 2007); <u>United States v. Desselle</u>, 450 F.3d 179 (5th Cir. 2006); <u>United States v. Auld</u>, 321 F.3d 861 (9th Cir. 2003); <u>United States v. Ahlers</u>, 305 F.3d 54 (1st Cir. 2002); <u>United States v. Thomas</u>, 11 F.3d 732 (7th Cir. 1993).

A.

Spinks maintains that Davis permits consideration of other relevant sentencing factors in the calculation of a reduced mandatory minimum sentence. Davis, however, involved a different situation -- a motion for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b), not for a sentence reduction pursuant to § 3553(e).

Davis had pled guilty to robbing a store at gunpoint, as well as to using and carrying a firearm during a crime of violence and possessing it in furtherance of that crime. Davis, 679 F.3d at 192. Upon the Government's § 5K1.1 motion at Davis' initial sentencing, the district court reduced Davis' offense level, and imposed a sentence of 86 months. Id. The Government later filed a motion, pursuant to Rule 35(b), seeking a further reduction of Davis' sentence to 60 months based on his continued substantial assistance while incarcerated. Id. The district court decided that it could consider non-assistance factors to limit the extent of the Rule 35(b) sentence reduction. Id. at 193. Accordingly, the court considered non-assistance factors -- Davis' "violent offense," his "prior record for burglary and grand larceny," and his receipt of "a prior reduction" pursuant to U.S.S.G. § 5K1.1 -- and concluded that these factors mitigated against granting the full sentence reduction requested by the Government. Id. The court thus ordered a resulting

sentence of 72 months' imprisonment, rather than the 60-month reduced sentence the Government had requested.  Id.

On appeal, Davis unsuccessfully argued that the district court erred in considering non-assistance related factors when determining the extent of his Rule 35(b) sentence reduction. Id.  We held that a "district court can consider other sentencing factors, besides the defendant's substantial assistance, when deciding the extent of a reduction to the defendant's sentence after granting a Rule 35(b) motion."  Id. at 195-96.  We reasoned that "[n]othing in the plain language of Rule 35(b) restricts the district court from considering other factors when determining the extent of the sentence reduction." Id. at 196.[2]

Davis is no help to Spinks.  The motion before the district court in Davis was a Rule 35(b) motion, not a motion under 18 U.S.C. § 3553(e), as here.  In Davis, we held only that a district court may consider non-assistance factors "after

---

[2] We, and every circuit to consider the question, have agreed that a court may consider only a defendant's substantial assistance when deciding whether to grant a Rule 35(b) motion. See United States v. Clawson, 650 F.3d 530, 532 n. 1 (4th Cir. 2011); see also United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011) (collecting cases).  There is some disagreement among our sister circuits, however, as to whether a court may consider non-assistance factors only to limit the extent of a reduction under Rule 35(b), or also to increase the extent of a reduction. Compare Tadio, 663 F.3d at 1047, with United States v. Rublee, 655 F.3d 835, 839 (8th Cir. 2011).  We need not resolve that question here.

granting a Rule 35(b) motion." Id.  Our holding did not address 18 U.S.C. § 3553(e).

Spinks suggests that Rule 35(b) and 18 U.S.C. § 3553(e) should be treated the same for present purposes.  To be sure, both Rule 35(b) and § 3553(e) authorize sentence reductions below a statutory mandatory minimum on the basis of a defendant's substantial assistance.  The differences in the language of the two provisions, however, are of some moment. The plain language of § 3553(e) expressly provides that a sentencing court has the authority to depart below a mandatory minimum "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." (emphasis added).  Rule 35(b) contains no similar language requiring that the reduction "reflect" the defendant's assistance. See Fed.R.Crim.P. 35(b)(1).[3]

---

[3] Prior to 2002, Rule 35(b) did require that the reduction "reflect" a defendant's assistance.  The 2002 amendments to the rule substituted the "reflect" language with the phrase "may reduce a sentence if," currently in Rule 35(b).  The First and Sixth Circuits have disregarded this change on the ground that it was intended to be stylistic only, and so have continued to read Rule 35(b) to be limited in the same way that 18 U.S.C. § 3553(e) is.  See United States v. Poland, 562 F.3d 35, 41 (1st Cir. 2009); United States v. Grant, 636 F.3d 803, 814 (6th Cir. 2001).  We do not think that such interpretive leeway is appropriate when language is unambiguous.  Rather, when language is plain, a court's "sole function . . . is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (citation omitted).  Moreover, each court to have ignored the 2002 amendments to Rule 35(b) has done so in order to impose § 3553(e)'s restriction on non-assistance factors onto (Continued)

Thus, the extent of a § 3553(e) departure from a mandatory minimum can be determined, as we held in Hood, only by considering factors that "reflect" a defendant's substantial assistance. Moreover, even if, as our concurring colleague so vehemently contends, the text of § 3553(e) could not be fairly distinguished from that in Rule 35(b), Hood would control. For a panel of this court cannot overrule the holding of an earlier panel, McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc), and if two circuit precedents conflict, the earlier one, here Hood, (issued in 2009) controls over the later, here Davis (issued in 2012). Id. at 333.

B.

Furthermore, contrary to Spinks' suggestion, Pepper does not assist him. In Pepper, the Supreme Court held that after a defendant's sentence has been set aside on appeal, a sentencing court may consider evidence of the defendant's postsentencing rehabilitation to support a variance from the advisory Guidelines range. 131 S. Ct. at 1236.

The defendant in Pepper did not receive a statutory minimum sentence because he qualified for a safety-valve reduction under 18 U.S.C. § 3553(f). Id. at 1236 n.1. The Pepper Court

---

Rule 35(b), retaining the spirit of the "reflect" language despite its removal. No court has grafted Rule 35(b)'s broader amended language onto § 3553(e), as Spinks would have us do.

10

expressly specified that its holding applied to variances "from the now-advisory Federal Sentencing Guidelines range." Id. at 1236. Unlike the appellant in Pepper, Spinks seeks a non-assistance based departure from a mandatory minimum, not a variance from the advisory Guidelines range.

Nothing in Pepper indicates that the Supreme Court intended its holding to apply in the context of a statutory mandatory minimum sentence. Rather, as the Sixth Circuit recently concluded, because Pepper "involved a guidelines sentence, not waiver of a statutory minimum," it "certainly does not compel us to ignore clear precedent, from our circuit and others, holding that a district court may not consider factors other than the value of substantial assistance when sentencing below a statutory minimum, pursuant to § 3553(e)." United States v. Williams, 687 F.3d 283, 288 (6th Cir. 2012).

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

11

DAVIS, Senior Circuit Judge, concurring in the judgment:

This case comes back to us in a decidedly evolved legal landscape from that extant when we affirmed Spinks' original sentence. See United States v. Spinks, 373 Fed. App'x 426 (4th Cir. 2010) (unpublished per curiam). Unlike my friends in the majority, I agree with Spinks that Rule 35(b) and 18 U.S.C. § 3553(e) should be treated the same for present purposes; United States v. Davis, 679 F.3d 190 (4th Cir. 2012), cannot be logically or persuasively distinguished from this case solely (or even predominantly) on the basis that it involved a Rule 35(b) motion rather than a sentence reduction motion pursuant to § 3553(e). Cf. Fed. R. Crim. P. 35(b)(4) (stating "the court may reduce the sentence to a level below the minimum sentence established by statute").[1] Despite what I regard as immaterial

---

[1] See In re Sealed Case No. 97-3112, 181 F.3d 128, 133 (D.C. Cir. 1999) (noting Rule 35(b), § 3553(e), and section 5K1.1 are to be read "in pari materia"), cited with approval in United States v. Stewart, 595 F.3d 197, 203 (4th Cir. 2010). Cf. Stewart, 595 F.3d at 203 ("[W]e see no reason here to treat defendants who benefit from a reduction in sentence via a departure at the time of sentencing differently from those who provide information to the government later. Indeed, the practice of either deferring sentencing and seeking a reduction under section 5K1.1 or sentencing and later filing a Rule 35 motion varies from district to district, even within states."). At least two Supreme Court Justices have acknowledged that the presentence substantial assistance regime under § 3553(e) and the post-sentence substantial assistance regime under Rule 35(b) are "identical." See Melendez v. United States, 518 U.S. 120, 136 (1996) (Breyer, J., joined by O'Connor, J., concurring in part and dissenting in part).

differences in the language of the two provisions, Rule 35(b), like § 3553(e), authorizes sentence reductions, including reductions below a statutory minimum, solely on the basis of a defendant's <u>substantial</u> <u>assistance</u>. <u>See</u> <u>generally</u> <u>United States v. Tadio</u>, 663 F.3d 1042, 1046 (9th Cir. 2011) ("Courts all agree that substantial assistance is a prerequisite to Rule 35(b) relief.").

As we held in <u>Davis</u>, however, determining the extent of such a reduction is a separate and distinct undertaking from determining whether to grant a reduction at all. <u>Davis</u>, 679 F.3d at 195–96. In administering both provisions, district courts routinely advert to guidance provided by the "non-exclusive reasons for an appropriate sentence reduction" set forth in U.S.S.G. § 5K1.1(a). <u>United States v. Hood</u>, 556 F.3d 226, 235 n.3 (4th Cir. 2009). In <u>Davis</u>, we joined our sister circuits in holding that § 3553(a) factors have a role to play in Rule 35(b) proceedings, albeit in that case a role in limiting the extent of a sentence reduction. In light of <u>Davis</u>' holding that "the district court can consider other sentencing factors, besides the defendant's substantial assistance when deciding the extent of a reduction to the defendant's sentence after granting a rule 35(b) motion," <u>Davis</u>, 679 F.3d at 195–96, and the lack of a reasoned basis for distinguishing sentence reductions pursuant to Rule 35(b) and § 3553(e), <u>Hood</u>'s constraint on this panel as

13

circuit precedent is called into question. Understandably, in light of his plausible (if broad) reading of Pepper v. United States, 131 S. Ct. 1229 (2011), Spinks asks us to take the next logical step and apply the Davis reasoning in respect to a § 3553(e) sentence reduction, especially inasmuch as some, if not many, initial sentence reduction motions by the government occur only after an original sentencing hearing and thus under Rule 35(b), not infrequently as a convenience to the government or the court. See supra n.1.

The majority reasons, plausibly, that the deletion in 2002 of the "reflect" language in Rule 35(b) lends credence to the argument that the two provisions can be interpreted differently. Ante at 9. Respectfully, I think the majority assigns too much weight to this change in the language of the rule. This is especially so considering that the advisory committee notes expressly state: "These changes are intended to be stylistic only, except as noted below." Fed. R. Crim. P. 35 advisory committee's note (2002 amends.). Unlike some circuits, the First and Sixth Circuits took the Advisory Committee at its word and declined to attribute substantive effect to this stylistic change. See United States v. Grant, 636 F.3d 803, 814 (6th Cir. 2011); United States v. Poland, 562 F.3d 35, 41 (1st Cir. 2009). The majority's critique of those two circuits, "We do not think that such interpretive leeway is appropriate when language is

14

unambiguous," is wholly unpersuasive. Attribution of such a dramatic change in interpretation to an avowedly "stylistic" revision seems to be exactly the type of interpretative leeway that is cautioned against. And, "plain" or not, the language is obviously subject to reasonable disagreement among jurists.

The more natural understanding of the removal of the "reflect" language in Rule 35(b) is that given by Tadio. The Tadio court put forth three possible readings of the previously employed "reflect" language in Rule 35(b) and came to the conclusion that I would reach in this case (in light of Davis and Pepper): "[T]he court may determine the amount of a sentence reduction in light of the assistance the defendant has provided, in combination with non-assistance factors relevant to the defendant. Again, under this reading, 'reflect' means to 'take into account.' But under this reading non-assistance factors may be used to grant a sentence reduction greater than, less than, or the same as the reduction that would be warranted by the defendant's assistance considered alone. Rule 35(b) operates symmetrically under this reading, and non-assistance factors do not function as a one-way ratchet." See Tadio, 663 F.3d at 1050. Rule 35(b)'s current "may reduce a sentence if" language means that: "[N]on-assistance factors may be considered, along with the amount of assistance, in determining the amount of sentence reduction, and that non-assistance factors may be considered

15

symmetrically to allow a reduction that is either more or less than the reduction that the assistance, considered alone, would warrant." Id. This reading is the most natural because it conforms to the advisory committee notes that the change from "reflect" to "may reduce a sentence if" was intended to be stylistic only. Id. at 1050–51.

I reiterate the overarching point: there is no logical reason to treat Rule 35(b) and § 3553(e) differently. In Tadio, Judge Fletcher was writing against the background of earlier Ninth Circuit precedent; I suspect that, given his druthers, he would have agreed with our beloved Judge Butzner, who dissented from the crabbed reading of § 3553(e) which underlies our precedent and gave birth to Hood. See United States v. Pillow, 191 F.3d 403, 408 (4th Cir. 1999) (Butzner, J., dissenting). In any event, an enduring question deserves an answer that makes logical and practical sense: if the change in language in Rule 35(b) really means that courts have discretion to consider nonassistance factors when considering the extent of a departure under Rule 35(b), but not under § 3553(e), why would Congress choose to require courts to treat defendants in the two contexts differently? This question is especially niggling inasmuch as where the rules are given practical application in the real world, there is no difference between the two provisions. Cf. Poland, 562 F.3d at 43 (Torruella, J., concurring)("Our

16

sentencing regime reflects the work of persons with a background of much theory and little practice in the art of sentencing."). There is no inherent reason that substantial assistance is more valuable in one context over the other. Even the Sixth Circuit acknowledged as much in Grant. See Grant, 636 F.3d at 817 (noting the desirability of maintaining "congruity between the pre-sentence and post-sentence contexts").

In sum, the majority opinion's rejection of Spinks' contention is undoubtedly consistent with its interpretation of our own precedent as well as some out-of-circuit precedent. Nevertheless, absent unmistakably subsisting and binding circuit precedent, I cannot today, in good conscience, sign on to a "one-way ratchet" legal regime, Tadio, 663 F.3d at 1047-49, in which a district court is permitted to consider § 3553(a) factors to limit the extent of a sentence departure for substantial assistance under Rule 35(b), but is proscribed from considering such factors as justification for enlarging a departure pursuant to § 3553(e). The intimation in the majority's reasoning that such a regime would pass muster is regrettable.[2]

---

[2] The majority goes to some effort to leave open the possibility that a future panel of this Court will not take a "one-way ratchet" approach when it is presented with the issue of whether Rule 35(b) (in contrast to § 3553(e)) permits an enlargement of a substantial assistance departure. See ante at 8 (Continued)

17

Admittedly, asymmetry is not unknown in the law, but in this post-Booker, post-Pepper world of federal sentencing, maintenance of the manifest tension between Davis and Hood requires greater justification than the government offers us here. The Davis/Hood regime is best described as a "heads the government wins, tails the defendant loses" approach to criminal sentencing adjudication. It bespeaks precisely the kind of arbitrary and unfair sentencing anomaly that prompts members of the lay public to lose faith in the legitimacy of our criminal justice system. The legal fiction supporting the notion that Congress could have intended such an absurdly inconsistent practice is disreputable. It is well past the time when we should put an end to the empty formalism that bedevils our

---

n.2 . Although I would applaud the continued confounding of our precedents were such a panel to do so, I am not so sanguine over the possibility of leaving it to another case and would conclude, dicta or not, that Rule 35(b) would permit such an enlargement, and therefore § 3553(e) should be interpreted similarly.

Especially as Rule 35(b) expressly allows consideration of both pre- and post-sentencing substantial assistance in determining the extent of a departure, it should not go unnoticed by members of the criminal defense bar (and the district judges) in this circuit that an important lesson emerges from this case: Subject to the discretion of the district court, of course, no client should be forced to go to sentencing on a § 3553(e) motion. After this case, it seems to me, the relevant standard of care militates strongly in favor of Rule 35(b) motions only because, under the law of this circuit, it is only at that juncture that consideration of departure factors beyond substantial assistance is permitted (if at all).

18

sentencing jurisprudence. See United States v. Valdovinos, 760 F.3d 322, 340 (4th Cir. 2014) (Davis, J., dissenting).[3] Given the widespread contemporary calls for a serious reexamination of federal sentencing law and policy, see id. at 339–40, particularly in respect to mandatory minimum sentences, one can only hope that the present anomaly will be brought to the attention of Congress for a prompt legislative correction.

All that said, I accept the government's alternative contention and vote to affirm. Assuming we were to hold that the combination of Davis and Pepper permits, even if it does not compel, reexamination of the Hood gloss on § 3553(e) sentence reductions, Spinks failed to offer sufficient evidence to support his request for a larger reduction of sentence.

---

[3] The point is made with poignancy in Thomas N. Whiteside, The Reality Of Federal Sentencing: Beyond The Criticism, 91 Nw. U. L. Rev. 1574, 1574 (1997) (emphasis added):

> From no other governmental institution is so much expected as from the American system of justice. Covered extensively by the media, monitored closely by the public at large and administered by proponents of differing philosophies, our system always has and always will be subject to debate, both within and without the ranks of those who administer it. At the pinnacle of that debate stands the process of sentencing. Because the sentencing process defines our values in a variety of ways, everyone has a vested interest in it. Therefore, legislators and practitioners have known for a long time that the sentencing decision is of such magnitude that it should not be rendered without some common basis in logic and reason if fairness is to prevail.

Moreover, and in any event, the record shows that the district court would have imposed the same sentence it did impose without considering evidence of Spinks' post-sentencing rehabilitation.[4] Accordingly, I concur in the judgment.

---

[4] As the late Judge Terence T. Evans wisely pointed out, the current substantial assistance regime encourages "game playing" that we as a court of appeals "should not encourage." United States v. Shelby, 584 F.3d 743, 751 (7th Cir. 2009) (Evans, J., dissenting).

The lack of transparency and candor Judge Evans lamented imposes a genuine cost. A judge who refuses to blink at the real human being standing before her, who may deserve a significantly greater reduction in a sentence than that the government requests, need only couch her explanations and conclusions in "substantial assistance" verbiage. See id. (noting that the potential physical harm that threatens a "snitch" and her family is a proper factor for consideration in a substantial assistance departure). Thus, under the rules of the "game," judges who are "long-ball hitters" at sentencing, see Paul J. Larkin, Jr., Public Choice Theory and Overcriminalization, 36 Harv. J.L. & Pub. Pol'y 715, 754 n.176 (2013), are free to impose as much or as little of a reduction as they wish. In contrast, "singles hitters" -- judges who believe, in the individual case, that a long sentence (i.e., one that is shortened but nevertheless consonant with the government's recommendation based on the "nature and extent" of the substantial assistance) will hardly serve any legitimate purpose tied to prolonged incarceration, see id. -- are ostensibly prohibited from considering § 3553(a) factors. But there simply is no doubt that some (perhaps many) of the latter will hide their deeply-felt convictions (that a greater reduction is warranted) through the use of "substantial assistance" language in explaining the sentence. See Shelby, 584 F.3d at 751 (Evans, J., dissenting). Unsurprisingly, of course, not all well-meaning, conscientious judges of conviction will elect to play the game. See Poland, 562 F.3d at 37 (noting that the district court expressly stated that it would reduce its 40-month substantial assistance sentence to 30 months if it had the authority to consider nonassistance factors under Rule 35(b)). All those sentences, of whatever duration, will surely survive this Court's deferential "reasonableness" review upon an appeal (Continued)

20

by a prosecutor. <u>See</u> <u>United States v. Johnson</u>, 393 F.3d 466 (4th Cir. 2004) (rejecting the government's challenge to the district court's significant substantial assistance departure after an earlier remand "given the district court's broad discretion . . . to determine the extent of a § 3553(e) departure"). The short of the matter is that, as in the present case, defendants who provide substantial assistance where the government makes a motion under § 3553(e) will get whatever they get from the district judge, regardless of counsel's fierce advocacy on sentencing issues, and regardless of how the sentence is explained, and affirmance on appeal will be a near certainty. <u>See</u> <u>id.</u> The inevitable result will be the very sentencing disparities that the vaunted Sentencing Reform Act of 1984 and its system of (now advisory) guidelines were intended to extinguish.

Hopefully, in the Rule 35(b) context, counsel will have more of an opportunity to advocate effectively for her client, with meaningful results. Be that as it may, given this Circuit's resolution of the appeal in <u>Davis</u>, the real "victim" in this incoherent scheme emerges from the loss of transparency and judicial candor in our criminal justice system, and thus the legitimacy of the system itself.