**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4808**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

QUINTON MICHAEL SPINKS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00350-TDS-2)

Submitted:  March 23, 2010              Decided:  April 8, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Driver, Durham, North Carolina, for Appellant.  Anna
Mills Wagoner, United States Attorney, Terry M. Meinecke,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton Michael Spinks pled guilty to one count of conspiracy to distribute five grams or more of cocaine hydrochloride and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 168 months in prison. On appeal, Spinks argues that the district court erred in using the applicable statutory mandatory minimum of 240 months as the starting point for determining Spinks's sentence reduction for providing substantial assistance. For the reasons that follow, we affirm.

Spinks asserts that the district court improperly relied on both United States v. Pillow, 191 F.3d 403 (4th Cir. 1999), and United States v. Hood, 556 F.3d 226 (4th Cir. 2009), to determine his starting sentence. According to Spinks, the decisions in those cases reflect this court's alleged continued treatment of "the guidelines, or at least [USSG] § 5G1.1(b)(2), as mandatory, in direct contradiction to the holdings" in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Spinks argues that the district court applied § 5G1.1(b) in a mandatory fashion, because the court explained it would start with "the guideline sentence in this case, which is the mandatory minimum, and [the court] can depart under 5K1.1 to whatever degree the [c]ourt determines is appropriate." According to Spinks, "[o]nce the government moved

2

for reduction of sentence . . ., the [district] [c]ourt was no longer obligated to sentence Defendant to the statutory minimum sentence of 240 months."

To the extent that Spinks challenges this court's holding in Hood, it is well-settled that a panel of this court cannot "overrule the decision of another panel; only the en banc court may overrule a prior panel decision." Jones v. Angelone, 94 F.3d 900, 905 (4th Cir. 1996). Moreover, Spinks's argument is contrary to the holding in Booker. In Booker, the Supreme Court struck the provision in the federal sentencing guidelines that made the guidelines mandatory. 543 U.S. at 249-50. Nonetheless, the excision of that provision and Booker's remedial holding that the guidelines must be applied in a discretionary manner did not alter the applicability of statutory mandatory minimums. As this court explained in Hood, in a post-Booker case, where a statutory mandatory minimum is applicable to a defendant, "the district court [is] not authorized to reduce [the] statutory minimum sentence." 556 F.3d at 233. "Only Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in [18 U.S.C.] § 3553(e) for the limited purpose stated there – 'to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.'" Id. (quoting 18 U.S.C. § 3553(e) (2006)).

Here, Spinks does not argue, nor does the record reflect, that the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A) (2006) is inapplicable to his conduct. The Government filed an Information regarding Spinks's prior felony conviction, which made the twenty-year statutory mandatory minimum applicable to Spinks's underlying conviction. Accordingly, because the guidelines range as initially calculated by the presentence report was less than the statutory mandatory minimum, the district court did not err in relying on the twenty-year statutory mandatory minimum as the starting point for calculating Spinks's USSG § 5K1.1 departure and resulting sentence. Accordingly, we affirm the district court's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4