Affirmed by published opinion. Judge MOTZ wrote the opinion, in which Judge KING joined. Senior Judge DAVIS wrote a separate opinion concurring in the judgment.
DIANA GRIBBON MOTZ, Circuit Judge:
Quinton Michael Spinks challenges his 84-month sentence for conspiracy to distribute cocaine and cocaine base. He contends that the district court erred in declining to consider any 18 U.S.C. § 3553(a) factors other than substantial assistance when determining the extent of his sentence reduction below the mandatory minimum. For the reasons that follow, we affirm.
I.
This case comes to us a second time.
In 2008, Spinks pled guilty to one count of conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846. Because the Government had filed an Information of Prior Conviction under 21 U.S.C. § 851, the district court determined that a mandatory statutory minimum sentence of 240 months applied. Pursuant to 18 U.S.C. § 3553(e), the Government moved for, and the dis *287 trict court granted, a thirty percent downward departure on the ground that Spinks had provided substantial assistance in the prosecution of a codefendant. When Spinks requested an additional reduction for factors other than substantial assistance, the court rejected his request. The district court thus reduced Spinks’ 240-month mandatory minimum by thirty percent, and imposed a sentence of 168 months. Spinks appealed, and we affirmed. See United States v. Spinks, 373 Fed.Appx. 426 (4th Cir.2010) (per curiam).
In 2012, Spinks filed a § 2255 motion requesting relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir.2011) (en banc). The Government conceded that the underlying felony supporting the original § 851 enhancement no longer qualified to enhance the mandatory minimum sentence. It further waived any objection to Spinks’ failure to comply with the one-year limitations period. The district court then set the case for resentencing.
At resentencing, after the removal of the conviction that, given Simmons, no longer qualified as a predicate felony, Spinks’ new mandatory minimum became 120 months under 21 U.S.C. § 841(b)(1)(A). The Government renewed its § 3553(e) motion for a thirty percent downward departure for Spinks’ substantial assistance; the district court again granted the motion, reducing Spinks’ sentence to 84 months imprisonment.
Spinks’ counsel did not ask for a greater adjustment on the basis of substantial assistance, but did ask the court to consider “some additional amount beyond the [thirty] percent,” because of Spinks’ “rehabilitation in the Bureau of Prisons and what he has done since” his first sentencing. The district court concluded that once it had departed below the mandatory minimum for a defendant’s substantial assistance, it did not have the authority to depart further based on other § 3553(a) factors. Accordingly, the court reduced Spinks’ 120-month mandatory minimum by just thirty percent, and imposed a sentence of 84 months. Spinks timely noted this appeal, challenging only his sentence.
We review the district court’s legal determinations de novo. United States v. Moore, 666 F.3d 313, 320 (4th Cir.2012). Thus, we consider de novo whether the court could consider, pursuant to § 3553(e), non-assistance factors when determining the extent of a sentence reduction below a statutory mandatory minimum sentence.
II.
Section 3553(e) grants a sentencing court authority, upon the Government’s motion, “to impose a sentence below a level established by statute as a minimum sentence” for a defendant’s “substantial assistance in the investigation or prosecution of another person who has committed an offense.” 18 U.S.C. § 3553(e). Spinks asserts that the district court erred because it did not consider factors other than his substantial assistance — specifically, his post-conviction rehabilitation — in determining the extent of his sentence reduction below the mandatory minimum. But our precedent on this point is clear: the extent of a § 3553(e) departure below a mandatory minimum must be based solely on a defendant’s substantial assistance and factors related to that assistance.
In United States v. Hood, 556 F.3d 226 (4th Cir.2009), we squarely addressed whether a district court can consider non-assistance factors in determining the extent of a departure from a mandatory minimum sentence under § 3553(e). Like Spinks, the defendant in Hood argued that a sentence imposed pursuant to a *288 § 3553(e) departure should be measured by non-assistance factors. Id. at 234 n. 2. We concluded that the extent of a § 3553(e) departure below a mandatory .minimum could be based “solely on the defendant’s substantial assistance and other factors related to that assistance.” Id. We reasoned that “[o]nly Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the limited purpose stated there — ‘to reflect a defendant’s substantial assistance in the investigation or prosecution of another' person who has committed an offense.’ ” Id. at 233 (quoting 18 U.S.C. § 3553(e)) (emphasis in original).[1]
Hood controls here. After the Government renewed its request for a thirty percent downward departure for Spinks’ substantial assistance, he requested that the court consider his rehabilitation and depart further below the mandatory minimum. Following Hood, the district court correctly concluded that, once it had departed below a mandatory minimum sentence on the basis of a defendant’s substantial assistance, it could not further depart based on any non-assistance factor.
III.
Spinks contends, however, that our recent holding in United States v. Davis, 679 F.3d 190 (4th Cir.2012) and the Supreme Court’s recent holding in Pepper v. United States, 562 U.S. 476, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) abrogate Hood. Both arguments fail.
A.
Spinks maintains that Davis permits consideration of other relevant sentencing factors in the calculation of a reduced mandatory minimum sentence. Davis, however, involved a different situation — a motion for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b), not for a sentence reduction pursuant to § 3553(e).
Davis had pled guilty to robbing a store at gunpoint, as well as to using and carrying a firearm during a crime of violence and possessing it in furtherance of that crime. Davis, 679 F.3d at 192. Upon the Government’s § 5K1.1 motion at Davis’ initial sentencing, the district court reduced Davis’ offense level, and imposed a sentence of 86 months. Id. The Government later filed a motion, pursuant to Rule 35(b), seeking a further reduction of Davis’ sentence to 60 months based on his continued substantial assistance while incarcerated. Id. The district court decided that it could consider non-assistance factors to limit the extent of the Rule 35(b) sentence reduction. Id. at 193. Accordingly, the court considered non-assistance factors— Davis’ “violent offense,” his “prior record for burglary and grand larceny,” and his receipt of “a prior reduction” pursuant to U.S.S.G. § 5K1.1 — and concluded that these factors mitigated against granting the full sentence reduction requested by the Government. Id. The court thus ordered a resulting sentence of 72 months’ imprisonment, rather than the 60-month reduced sentence the Government had requested. Id.
*289 On appeal, Davis unsuccessfully argued that the district court erred in considering non-assistance related factors when determining the extent of his Rule 35(b) sentence reduction. Id. We held that a “district court can consider other sentencing factors, besides the defendant’s substantial assistance, when deciding the extent of a reduction to the defendant’s sentence after granting a Rule 35(b) motion.” Id. at 195— 96. We reasoned that “[n]othing in the plain language of Rule 35(b) restricts the district court from considering other factors when determining the extent of the sentence reduction.” Id. at 196.[2]
Davis is no help to Spinks. The motion before the district court in Davis was a Rule 35(b) motion, not a motion under 18 U.S.C. § 3553(e), as here. In Davis, we held only that a district court may consider non-assistance factors “after granting a Rule 35(b) motion.” Id. Our holding did not address 18 U.S.C. § 3553(e).
Spinks suggests that Rule 35(b) and 18 U.S.C. § 3553(e) should be treated the same for present purposes. To be sure, both Rule 35(b) and § 3553(e) authorize sentence reductions below a statutory mandatory minimum on the basis of a defendant’s substantial assistance. The differences in the language of the two provisions, however, are of some moment. The plain language of § 3553(e) expressly provides that a sentencing court has the authority to depart below a mandatory minimum “so as to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense.” (emphasis added). Rule 35(b) contains no similar language requiring that the reduction “reflect” the defendant’s assistance. See Fed. R.Crim.P. 35(b)(1).[3]
Thus, the extent of a § 3553(e) departure from a mandatory minimum can be determined, as we held in Hood, only by considering factors that “reflect” a defendant’s substantial assistance. Moreover, even if, as our concurring colleague so vehemently contends, the text of § 3553(e) could not be fairly distinguished from that in Rule 35(b), Hood would control. For a panel of this court cannot overrule the holding of an earlier panel, *290 McMellon v. United States, 387 F.3d 329, 332 (4th Cir.2004) (en banc), and if two circuit precedents conflict, the earlier one, here Hood, (issued in 2009) controls over the later, here Davis (issued in 2012). Id. at 333.
B.
Furthermore, contrary to Spinks’ suggestion, Pepper does not assist him. In Pepper, the Supreme Court held that after a defendant’s sentence has been set aside on appeal, a sentencing court may consider evidence of the defendant’s postsentencing rehabilitation to support a variance from the advisory Guidelines range. 131 S.Ct. at 1236.
The defendant in Pepper did not receive a statutory minimum sentence because he qualified for a safety-valve reduction under 18 U.S.C. § 3553(f). Id. at 1236 n. 1. The Pepper Court expressly specified that its holding applied to variances “from the now-advisory Federal Sentencing Guidelines range.” Id. at 1236. Unlike the appellant in Pepper, Spinks seeks a non-assistance based departure from a mandatory minimum, not a variance from the advisory Guidelines range.
Nothing in Pepper indicates that the Supreme Court intended its holding to apply in the context of a statutory mandatory minimum sentence. Rather, as the Sixth Circuit recently concluded, because Pepper “involved a guidelines sentence, not waiver of a statutory minimum,” it “certainly does not compel us to ignore clear precedent, from our circuit and others, holding that a district court may not consider factors other than the value of substantial assistance when sentencing below a statutory minimum, pursuant to § 3553(e).” United States v. Williams, 687 F.3d 283, 288 (6th Cir.2012).
IV.
For the foregoing reasons, the judgment of the district court is

AFFIRMED.

. Every circuit to consider this question has agreed. See United States v. Grant, 636 F.3d 803 (6th Cir.2011); United States v. A.B., 529 F.3d 1275 (10th Cir.2008); United States v. Richardson, 521 F.3d 149 (2d Cir.2008); United States v. Mangaroo, 504 F.3d 1350 (11th Cir.2007); United States v. Williams, 474 F.3d 1130 (8th Cir.2007); United States v. Desselle, 450 F.3d 179 (5th Cir.2006); United States v. Auld, 321 F.3d 861 (9th Cir.2003); United States v. Ahlers, 305 F.3d 54 (1st Cir. 2002); United States v. Thomas, 11 F.3d 732 (7th Cir.1993).

. We, and every circuit to consider the question, have agreed that a court may consider only a defendant’s substantial assistance when deciding whether to grant a Rule 35(b) motion. See United States v. Clawson, 650 F.3d 530, 532 n. 1 (4th Cir.2011); see also United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir.2011) (collecting cases). There is some disagreement among our sister circuits, however, as to whether a court may consider non-assistance factors only to limit the extent of a reduction under Rule 35(b), or also to increase the extent of a reduction. Compare Tadio, 663 F.3d at 1047, with United States v. Rublee, 655 F.3d 835, 839 (8th Cir.2011). We need not resolve that question here.

. Prior to 2002, Rule 35(b) did require that the reduction "reflect” a defendant's assistance. The 2002 amendments to the rule substituted the "reflect” language with the phrase “may reduce a sentence if,” currently in Rule 35(b). The First and Sixth Circuits have disregarded this change on the ground that it was intended to be stylistic only, and so have continued to read Rule 35(b) to be limited in the same way that 18 U.S.C. § 3553(e) is. See United States v. Poland, 562 F.3d 35, 41 (1st Cir.2009); United States v. 'Grant, 636 F.3d 803, 814 (6th Cir.2011). We do not think that such interpretive leeway is appropriate when language is unambiguous. Rather, when language is plain, a court's "sole function ... is to enforce it according to its terms.” Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (citation omitted). Moreover, each court to have^ ignored the 2002 amendments to Rule 35(b) has done so in order to impose § 3553(e)’s restriction on non-assistance factors onto Rule 35(b), retaining the spirit of the “reflect” language despite its removal. No court has grafted Rule 35(b)’s broader amended language onto § 3553(e), as Spinks would have us do.