FLOYD, Circuit Judge,
dissenting in part and concurring in the result:
I agree that the district court did not abuse its discretion in denying Mills a certificate of innocence. Unlike the majority, however, I would hold that Mills failed to satisfy only the third predicate of 28 U.S.C. § 2513. Specifically, I disagree with the majority’s assertion that the second predicate permits only “truly innocent” plaintiffs to recover. Although this construction has appeal as a matter of policy, it is not supported by the statute’s plain language. Accordingly, I respectfully dissent.
I.
A.
To bring an action under 28 U.S.C. § 1495 for damages following a wrongful conviction, Mills must “allege and prove” each of three statutory predicates. First, he must show that a court has “reversed or set aside” his conviction “on the ground that he is not guilty of the offense of which he was convicted.” 28 U.S.C. § 2513(a). Second, he must demonstrate either that he “did not commit any of the acts charged” (“Predicate 2(a)”) or that “his acts, deeds, or omissions in connection with such charge constituted no offense against the United States or any State, Territory, or the District of Columbia” (“Predicate 2(b)”). Id. And third, he must show that he “did not by misconduct or neglect cause or bring about his own prosecution.” Id.
The majority finds that Mills failed to satisfy Predicate 2(a), ie. the “any of the acts charged” predicate.[1] According to-the majority’s construction, Mills must show that he did not commit any of the elements of each crime charged — even if some elements, standing alone, are inherently innocent and noncriminal. Ante at 567-68.[2] This construction is unsupported *572 by both legislative history and the plain text of the statute.
B.
. The majority makes much of the fact that Congress intended “to ensure that only a truly innocent petitioner is eligible for” relief. Ante at 566 (emphasis added). As the legislative history reveals, however, Congress drafted the final statute in a way that makes it impossible to limit relief to the “truly innocent.”
In the text of the bill first introduced and passed by the Senate in 1937, the petitioner was required to show that he was innocent “of the crime with which he was charged and not guilty of any other offense against the United States.” See H.R.Rep. No. 75-2299 at 2 (1938) (emphasis added). This provision was included in order “to cover cases where the indictment may fail on the original count, but claimant may yet be guilty of another” uncharged offense. Edwin M. Borchard, State Indemnity for Errors of Criminal Justice, S. Doc. No. 62-974, at 31 (1912).
Had the Senate bill been enacted, Mills could not have satisfied this statutory predicate — although his federal conviction was overturned, his conduct was eoncededly an offense against the state of North Carolina. But the Senate version was not enacted. Out of concern that the Senate language was “not definite and specific enough,” the House Judiciary Committee replaced it with the language under which Mills now seeks relief. H.R.Rep. No. 75-2299 at 2. The law, as enacted, replaces the Senate’s “and” with the present disjunctive “or.” While the Senate bill would have limited relief only to those “in fact innocent of any offense whatever,” Betts v. United States, 10 F.3d 1278, 1284 (7th Cir.1993), the statute as enacted does not impose such a limit. Instead, § 2513 provides relief to petitioners who are innocent of the crime charged but nevertheless responsible for other, uncharged crimes— that is, to people who are not, in fact, innocent of any offense whatever.
C.
The majority, in attempting to shoehorn the statute into its narrow conception of actual innocence, “inserts an Alice-in-Wonderland analysis into what should be a straightforward question of statutory construction.” United States v. Kerr, 737 F.3d 33, 40 (4th Cir.2013) (Davis, J., dissenting). When statutory “language is plain, a court’s ‘sole function ... is to enforce it according to its terms.’ ” United States v. Spinks, 770 F.3d 285, 289 n. 3 (4th Cir.2014) (quoting Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). In construing Predicate 2(a), the majority disregards the statute’s plain language and instead reads “acts” to mean “elements.” To satisfy the predicate, Mills need only prove that he “did not commit any of the acts charged”not that he did not commit any of the elements of those acts.
We have already construed “any of the acts charged” to mean acts rather than elements. In United States v. Graham, my colleague in the majority found that the second statutory predicate “requires a petitioner to prove that he did not commit the charged criminal acts or that they do not constitute a crime.” 608 F.3d 164, 176 (4th Cir.2010) (Motz, J.) (emphasis added). In addition to being wholly unsupported by usage and precedent, the majority’s novel statement that “ ‘acts charged’ ... are not themselves crimes” is irreconcilable with *573 the construction we adopted in Graham. See ante at 569 n. 5.
The words “act” and “element” refer to two different concepts in criminal law. An element is a constituent part of a crime that the prosecution must prove beyond a reasonable doubt in order to sustain a conviction. Black’s Law Dictionary 634 (10th ed.2014); see also United States v. Hayes, 555 U.S. 415, 422 & n. 4, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009) (noting that conceptually distinct attributes of a crime, e.g. the action taken by the defendant and his or her relationship to the victim, cannot constitute one element). A criminal act, however, is “[a]n unlawful act that subjects the actor to prosecution under criminal law,” more commonly known as a crime. Black’s Law Dictionary 30 (10th ed.2014); see also id. at 451, 129 S.Ct. 1079 (defining crime as “an act that the law makes punishable”).
Because criminal acts often consist of more than one element, the majority’s construction will lead to an absurd result in this and other cases.[3] For example, to convict a defendant under 18 U.S.C. § 1709, which prohibits the theft of mail by a postal employee, the government must prove three elements beyond a reasonable doubt: (1) that the defendant deliberately took an .item that had been mailed; (2) that the defendant knew that he or she had no authority to take the item; and (3) that the defendant was a United States Postal Service employee when he or she took the item. United States v. Stewart, 127 F.3d 1101, 1997 WL 650735 at *1 (4th Cir.1997) (per curiam) (unpublished table decision). A hypothetical postal worker found to have been wrongfully convicted under § 1709 could show that he did not commit the criminal act of stealing mail. He could never show, however, that he was “innocent” of one of § 1709’s elements: being an employee of the U.S. Postal Service. Therefore, under the majority’s construction of “any of acts charged,” the wholly innocent postal worker would be unable to satisfy Predicate 2(a) simply because he is a postal worker. Congress surely did not intend this result.
The House Report also supports reading the word “acts” to mean “acts.” According to the Report, the “any of the acts charged” prong refers to the particular crime(s) for which the petitioner was wrongfully convicted, while the “[no] crime or offense” prong refers to other, uncharged criminal conduct arising from the same acts for which the petitioner was wrongfully convicted. H.R.Rep. No. 75-2299 at 2. This interpretation is consistent with the plain meaning of the statutory text, and ensures that each prong imposes a different and independently sufficient requirement.
The majority’s construction, on the other hand, collapses the two prongs by effec *574 tively swapping the word “or” for “and.”[4] See ante at 570 n. 6 (positing that Congress intended the “[no] crime or offense” prong to include the “any of the acts charged” prong). By way of example, consider a person whose conviction under 18 U.S.C. § 81 for malicious burning of military property is overturned because the building he burned was not on military soil. The hypothetical defendant will not be able to satisfy Predicate 2(b) (the “[no] other crime or offense” prong) because his conduct constitutes state-law arson. Under the majority’s construction, he also will not be able to satisfy Predicate 2(a) (the “any of the acts charged” prong) because the conduct constituting the uncharged state crime (i.e. burning) is necessarily an element of the originally charged federal offense. This construction renders Predicate 2(a) superfluous'and not independently sufficient, and is therefore impermissible. See Corley v. United States, 556 U.S. 303, 314, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) (“[0]ne of the most basic interpretive canons ... [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous or void or insignificant. ...” (internal quotation marks omitted)).
The majority’s construction also runs afoul of our “duty to give effect, if possible, to every clause and word of a statute.” United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955). Predicate 2(b) requires a petitioner to show that his or her “acts, deeds, or omissions” did not constitute a crime in any jurisdiction. 28 U.S.C. § 2513(a)(2). By reading “acts” to mean “actions,” the majority renders the word “deeds” redundant and unnecessary. Construing “acts” to mean “criminal acts” — that is, understanding “acts” contextually as a term of art — is a better reading because it gives effect to each word of the statute.
I would therefore hold that the second statutory predicate of § 2513 is satisfied when a petitioner alleges and proves either (a) that he or she did not commit any of the criminal acts charged in the original indictment, or (b) that his or her conduct arising from the same transaction or occurrence as the charged conduct does not constitute an additional, uncharged state or federal crime.
D.
Mills has satisfied the second predicate of § 2513. He was charged in a one-count indictment with being a felon in possession of a firearm. His conviction was vacated because, under the rule we announced in United States v. Simmons, 649 F.3d 237 (4th Cir.2011) (en banc), at the time of his arrest Mills had not been convicted of a crime punishable for a term exceeding one year within the meaning of 18 U.S.C. § 922(g)(1).[5] He did not commit the act of *575 possessing a firearm while a felon — the only crime charged — and the government does not argue to the contrary. Congress did not intend to deny relief to a person actually innocent of possessing a firearm while a felon just because he committed the constitutionally protected act of possessing a firearm.[6] Cf. District of Columbia v. Heller, 554 U.S. 570, 592, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). I would therefore hold that Mills satisfied the “any of the acts charged” prong of the second predicate of § 2513.
II.
The third predicate of § 2513 requires Mills to show that “he did not by misconduct or neglect cause or bring about his own prosecution.” 28 U.S.C. § 2513(a)(2). Because the majority found that Mills failed to prove the second statutory predicate, it did not reach this predicate. I would hold that Mills’s prosecution arose from his own neglect and that he therefore cannot satisfy the third predicate.[7]
“[T]he background presumption must be that ‘every citizen knows the law.’ ” United States v. Fuller, 162 F.3d 256, 262 (4th Cir.1998) (quoting Bryan v. United States, 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998)). Thus, when he pawned the two firearms, Mills knew or should have known that under the prevailing interpretation of § 922(g) he was violating federal law. Even if Mills genuinely believed that our pre-Simmons interpretation of § 922(g) was incorrect, he is charged with the knowledge that his interpretation of the statute was at odds with governing Circuit law. A reasonable person wishing to avoid arrest and prosecution will comply with the law as interpreted by the courts, even if he believes that interpretation to be error.
Mills acted with neglect in possessing the two firearms, and this neglect brought about his prosecution. He therefore cannot satisfy the third predicate of § 2513.
III.
For the above reasons, I agree that the district court did not abuse its discretion in declining to grant Mills a certificate of innocence. In reaching this result, however, the majority has interpreted the “any *576 of the acts charged” prong of § 2513’s second predicate in a manner that is unsupported by the statutory text. I therefore respectfully dissent from Parts III, IV, V, and VI but concur in the result.

. Mills concedes that he cannot satisfy Predicate 2(b) because "his acts ... in connection with such charge” constituted the uncharged North Carolina offense of possessing a firearm while a convicted felon. See N.C. Gen. Stat. § 14-415.1(a). Thus, he may only receive a certificate of innocence if he can satisfy Predicate 2(a) by showing that he committed none of the "acts charged.”

. Although the majority notes that not every element of every offense will be an "act charged” for purposes of § 2513, the opinion fails to provide guidance to district courts tasked with making this determination. In the absence of controlling precedent, a district judge has near-unfettered discretion to decide which elements will be deemed “acts” that the petitioner must prove he or she did *572 not commit. This construction will therefore have the effect of interpreting "any of the acts charged” to mean "any of the elements of any of the acts charged.”

. When a crime has multiple elements, it is quite often because it is the confluence of those elements that creates societal harm. Such crimes typically require proof of at least one element that, standing alone, would be wholly innocent. See, e.g., 18 U.S.C. § 47 (conviction for impermissibly hunting certain wild horses or burros requires proof that defendant used an aircraft or motor vehicle); 18 U.S.C. § 873 (conviction for blackmail requires proof that defendant threatened to report a criminal violation); 18 U.S.C. § 1621 (conviction for perjury requires proof that defendant took an oath); 18 U.S.C. § 1921 (conviction for receiving federal employees’ compensation after marriage requires proof that defendant married); 18 U.S.C. § 2191 (conviction for cruelty to seamen requires proof that defendant was the master or officer of a vessel of the United States). Under the majority’s reading, a person wrongfully convicted of any of these crimes would be unable to satisfy Predicate 2(a).

. The majority’s construction would still permit relief for someone who cannot satisfy the "[no] crime or offense” prong because he or she committed a wholly different but uncharged crime. For example, a man whose conviction for rape during an uncharged burglary was overturned on the basis of DNA evidence would not be able to satisfy the "[no] crime or offense” prong because of the burglary, but would be able to satisfy the "any of the acts charged” prong because he did not commit any of the elements of rape. This result is at odds with the majority’s view that § 2513 "ensure[s] that only a truly innocent petitioner is eligible for a certificate of innocence,” but is nevertheless required by the disjunctively written statute. Ante at 566.

. This is distinguishable from the case in Osborn v. .United States, in which the petitioner’s conviction was reversed solely because the military court-martial that had convicted him was without jurisdiction. 322 F.2d 835, 840 (5th Cir.1963). There, the court found that because the military indictment charged the petitioner with murder and he was unable to *575 prove that he did not commit the murder, he failed to satisfy the "any of the acts charged” prong. Id. at 842. Here, on the other hand, Mills has shown that he did not commit the only act charged in the indictment: possessing a firearm while a felon.

. The majority’s view that § 922(g) criminalizes the mere possession of a firearm "and then applies the statute only to a limited subset of people” is fundamentally inconsistent with Heller and unsupported by Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). There, the Supreme Court held only that for purposes of Federal Rule of Evidence 403 balancing, the specific nature of the prior offense of conviction is more prejudicial than probative when a defendant is willing to stipulate to a prior felony conviction within the meaning of § 922(g). 519 U.S. at 185-86, 117 S.Ct. 644. That a defendant's "felony-convict status” lacks narrative force is entirely irrelevant to the question of what criminal act is proscribed by § 922(g). A person, such as Mills, who has never been convicted of a crime punishable for a term exceeding one year is factually and legally incapable of committing the criminal act of being a felon in possession of a firearm.

. I would not hold, however, that Mills's possession of firearms constitutes "misconduct” that brought about his prosecution. We held in United States v. Graham that to act as a bar to relief, "misconduct” must constitute a "reasonable basis for Government officers to prosecute.” 608 F.3d at 173. It is manifestly unreasonable to prosecute someone who has never been convicted of a crime punishable for a term exceeding one year under Section 922(g). Therefore, Mills's possession of a firearm was not misconduct within the meaning of § 2513(a)(2).