TRAXLER, Chief Judge,
dissenting:
Williams’s sentence was based on a statutory mandatory minimum. Congress has not lowered it, and the Sentencing Commission has no power to lower it. Accordingly, I would affirm.
I.
District courts “are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed.” Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2690, 180 L.Ed.2d 519 (2011) (internal quotation marks omitted). This “rule of finality is subject to a few narrow exceptions” prescribed by Congress in 18 U.S.C. § 3582(c). Id. One of these exceptions applies when a defendant’s applicable sentencing range is lowered after the sentencing court has already imposed a prison term:
[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2) (emphasis added).
Based on his criminal history and the characteristics of his crack-distribution offense, Williams’s original advisory sentencing range was 130-162 months. But, be-
*264 cause of a prior felony drug offense, Williams was subject to a mandatory minimum sentence fixed by Congress of 240 months. See 21 U.S.C. § 841(b)(1)(A). When a crime carries a mandatory minimum sentence, a district court must impose at least the mandatory minimum unless a statutory exception — such as a downward departure for substantial assistance under § 3553(e) — applies. See United States v. Campbell, 995 F.2d 173, 175 (10th Cir.1993) (“When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute.”). “Only Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the limited purpose stated there — ‘to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense.’ ” United States v. Hood, 556 F.3d 226, 233 (4th Cir.2009) (quoting 18 U.S.C. § 3553(e)). The district court when sentencing Williams determined that a statutory minimum term of 240 months applied but then departed downward to 180 months under § 3553(e) to reflect Williams’s substantial assistance to the government. Since the applicable mandatory minimum sentence was greater than the high end of Williams’s advisory sentencing range, the district court was required to impose the mandatory minimum sentence without regard to the advisory sentencing range. In essence, the advisory sentencing range “became irrelevant.” Id. Accordingly, Williams’s 180-month term of imprisonment could not have been “based on a sentencing range that [was] subsequently ... lowered by the Sentencing Commission,” 18 U.S.C. § 3582(c)(2) (emphasis added), because it was not based on a sentencing range in the first instance.
Likewise, Williams’s advisory sentencing range played no part in the calculation of the downward departure for substantial assistance. First, “§ 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence.” United States 'v. Pillow, 191 F.3d 403, 407 (4th Cir.1999). Thus, the baseline for that departure is the statutory minimum — not the otherwise applicable sentencing range. See id. (concluding a downward departure motion under § 3553(e) does not “restore[] the otherwise applicable guideline range that would have applied absent the mandatory minimum sentence”). The fact that the Commission lowered the advisory sentencing range has no bearing on the factors relevant to the substantial assistance given by Williams. See United States v. Spinks, 770 F.3d 285, 287 (4th Cir.2014) (“[O]ur precedent on this point is clear: the extent of a § 3553(e) departure below a mandatory minimum must be based solely on a defendant’s substantial assistance and factors .related to that assistance.”).
In sum, Williams’s sentence was based on the applicable mandatory minimum fixed by 21 U.S.C. § 841(b)(1)(A), and the downward departure he received under 18 U.S.C. § 3553(e) was based on the substantial assistance he gave the government. Since only Congress, not the Sentencing Commission, can change either of these factors, I must conclude that Williams’s sentence was not “based on a sentencing range that has -subsequently been lowered by the Sentencing Commission,” § 3582(c)(2), and that he is therefore not eligible for a sentence reduction under that section.
II.
This court’s decision in United States v. Hood is on all fours with this case and, in my view, is still good law. In Hood, the defendant pled guilty to a crack drug of *265 fense that yielded a sentencing range of 188 to 285 months, but he was subject to a 240-month mandatory minimum as a result of a prior felony drug conviction. The district court imposed the 240-month sentence but departed downward to 100 months pursuant to § 3553(e) for Hood’s substantial assistance to the government. The Sentencing Commission subsequently reduced the base offense level applicable to crack offenses, and Hood sought a reduction on that basis pursuant to § 3582(c). We held that the defendant’s sentence “was not ‘based on’ the sentencing range for crack cocaine offenses that was lowered by Amendment 706.” Hood, 556 F.3d at 236. Rather, we concluded that Hood’s sentence “was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), and it was reduced to an appropriate sentence authorized under § 3553(e) for his substantial assistance.” Id. at 236-37. Hood explained that because “the Sentencing Commission has no authority to lower a statutory mandatory minimum,” Amendment 706 “did not have the effect of lowering Hood’s Guidelines Range.” Id. at 233. Nor, the court reasoned, did Hood’s sentencing range play any role in the court’s substantial assistance downward departure. See id. (“Only Congress could authorize a departure from the statutorily mandated minimum sentence..., ”).
Hood, in my view, remains good law despite the apparent conflict with Sentencing Guidelines Amendment 780, which the Sentencing Commission added to address “Cases Involving Mandatory Minimum Sentences and Substantial Assistance.” It states:
If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant’s substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 ....
U.S.S.G. § lB1.10(c) (emphasis added). Section 5Gl.l(b) recognizes that a mandatory minimum sentence fixed by Congress trumps an advisory sentencing range determined pursuant to application of the Sentencing Guidelines: “Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.”
The parties contend that Amendment 780 eviscerated Hood’s prohibition against a sentence reduction under § 3582(c) where the original sentence was “based on a statutory minimum and U.S.S.G. § 5Gl.l(b).” 556 F.3d at 233 (emphasis added). Amendment 780 directs the sentencing court to determine the amended sentencing range in these circumstances “without regard to the operation of § 5G1.1.” U.S.S.G. § lB1.10(c). Since Hood referred to § 5Gl.l(b) in explaining that the sentence in question was “based on a statutory minimum and U.S.S.G. § 5Gl.l(b),” and § 5G1.1 can now be disregarded under Amendment 780 for purposes of determining whether a defendant is eligible for a sentence reduction under § 3582(c)(2), the contention is that Hood. no longer controls cases such as the one before the court.
Hood, however, did not turn on the operation of U.S.S.G. § 5G1.1. Rather, Hood’s holding clearly rested on the court’s conclusion that Hood’s 100-month sentence was based “on the mandated statutory minimum sentence required by [21 U.S.C.] § 841(b)(1)(A) from which the district court departed as authorized by *266 § 3553(e), employing the factors identified in U.S.S.G. § 5K1.1.” Hood, 556 F.3d at 235-36. Indeed, Hood’s sentence would have been the same with or without § 5G1.1- 21 U.S.C. § 841(b)(1)(A) required the imposition of the mandatory minimum sentence and 18 U.S.C. § 3553(e) allowed the imposition of a sentence below the statutory minimum only based on substantial assistance factors. Section 3582(c) provides that a defendant’s sentence may be reduced if the sentence he received was “based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” Hood interpreted that statutory language and held that a statutorily mandated minimum sentence is not a sentence that is based on a sentencing range. While the Sentencing Commission has the authority to overrule circuit precedent interpreting Guidelines provisions, it cannot overrule circuit precedent interpreting a statutory provision. Hood’s interpretation of the statutory phrase “based on” thus remains controlling.
Accordingly, I must conclude that Williams’s sentence was not “based on a sentencing range that has been subsequently lowered by the Sentencing Commission,” § 3582(c)(2), and that he is therefore not eligible for a sentence reduction under that section. I respectfully dissent.