**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRITTANY DAWN THOMAS,

Defendant - Appellant.

**No. 19-4264**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY NEIL HARDIN,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:18-cr-00303-TDS-22; 1:18-cr-00303-TDS-7)

Submitted: January 30, 2020                    Decided: February 19, 2020

Before WILKINSON, FLOYD, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina; Renorda E. Pryor, HERRING LAW CENTER, PLLC, Durham, North Carolina, for Appellants. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Brittany Dawn Thomas and Rodney Neil Hardin appeal the sentences imposed following their guilty pleas to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)-(C), 841(c)(2), 843(d)(2), 846 (2018). The district court sentenced Thomas to 108 months' imprisonment and Hardin to 210 months' imprisonment. Finding no error, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) sentencing factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51.

Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id*. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). "Such a presumption can only be rebutted by showing that the

3

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We turn to Thomas' appeal first. Thomas' advisory Sentencing Guidelines range was 120 to 125 months' imprisonment, with a mandatory minimum sentence of 120 months. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. Pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2018) and 18 U.S.C. § 3553(e) (2018), the Government moved for a 10% downward departure in light of Thomas' substantial assistance. The district court granted the Government's motion and reduced Thomas' 120-month mandatory minimum by 10%, for a total sentence of 108 months' imprisonment. The court rejected Thomas' request for an additional reduction based on factors unrelated to the substantial assistance.

Thomas now argues that the district court erred in finding that it did not have the authority to consider additional factors when departing from the mandatory minimum. We disagree. We have expressly held that "the extent of a § 3553(e) departure from a mandatory minimum can be determined . . . only by considering factors that reflect a defendant's substantial assistance." *United States v. Spinks*, 770 F.3d 285, 289 (4th Cir. 2014) (internal quotation marks omitted); *see also United States v. Concha*, 861 F.3d 116, 120 (4th Cir. 2017) ("As to § 5K1.1 departures . . . our case law requires a district court determining the extent of such a departure to consider assistance-related factors *only*."). Accordingly, the district court did not err in refusing to consider additional factors in favor of a departure below the mandatory minimum.

Hardin's claims that his below-Guidelines-range sentence is unreasonable are similarly unconvincing. The district court properly calculated Hardin's Sentencing

4

Guidelines' range, responded to defense counsel's arguments for a reduced sentence, and explained the selected sentence based on Hardin's individual characteristics and the § 3553(a) sentencing factors. We conclude therefore that Hardin's sentence is procedurally reasonable. Moreover, Hardin's sentence is presumptively substantively reasonable, and Hardin has not rebutted that presumption.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*