# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4753**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREADWAY LEVON MANNING, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge.  (4:97-cr-00323-CMC-1)

Submitted: January 14, 2021                         Decided: January 21, 2021

Before GREGORY, Chief Judge, MOTZ, and WYNN Circuit Judges.

Reversed in part, vacated and remanded in part, and affirmed in part by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, William Camden Lewis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Treadway Levon Manning, Jr., was convicted of two counts of possessing a firearm as a person convicted of a felony (Counts 1 and 4), in violation of 18 U.S.C. §§ 922(g), 924(e), using and carrying a firearm during and in relation to a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c), and attempted Hobbs Act robbery (Count 3), in violation of 18 U.S.C. § 1951. Manning was originally sentenced in 1998 as an armed career criminal to a total term of life imprisonment plus 60 years. Following the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), we authorized Manning to file a successive 28 U.S.C. § 2255 (2012) motion. In turn, Manning filed a § 2255 motion challenging both his armed career criminal designation and arguing that his conviction pursuant to § 924(c) was no longer valid under *Johnson* because the predicate offense for his conviction, attempted Hobbs Act robbery, was not a crime of violence. The district court granted Manning relief as to the challenge to his armed career criminal designation and denied relief with respect to his § 924(c) claim. At his resentencing hearing, the district court denied Manning's challenges to the calculation of his advisory Sentencing Guidelines range and imposed a total sentence of 540 months' imprisonment. We reverse in part, vacate and remand in part, and affirm in part.

The district court's amended judgment, entered as a result of a § 2255 resentencing, "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). To the extent Manning seeks to appeal the amended judgment by challenging the court's decision not to

2

grant relief on the § 924(c) claim contained within his § 2255 motion, he appeals the final order in a proceeding under § 2255 and must obtain a certificate of appealability (COA) under 28 U.S.C. § 2253. To the extent Manning seeks to appeal the amended judgment by challenging the propriety of the relief granted by the court on his § 2255 motion—the reasonableness of his sentence—he appeals a new criminal sentence, and no COA is required. *See Hadden*, 475 F.3d at 664.

After the district court denied Manning's successive § 2255 motion, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause in 18 U.S.C. § 924(c)(3) is unconstitutionally vague), and we subsequently held that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *United States v. Taylor*, 979 F.3d 203, 207-10 (4th Cir. 2020). Accordingly, we grant Manning a certificate of appealability, reverse the district court's denial of Manning's motion to vacate his § 924(c) conviction, vacate the § 924(c) conviction, and remand for resentencing consistent with this opinion. *See id.* at 210.

We now turn to the appeal of the amended judgment. Manning argues that: (1) the district court erroneously applied a six-level enhancement based on the threat of death under U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1(b)(2)(F) (1997); (2) the attempted murder cross-reference under USSG §§ 2K2.1(c)(1)(A), 2X1.1(c)(1), 2A2.1(a)(1) was impermissible double counting pursuant to Application Note 2 to § 2K2.4 as Manning was also sentenced based on his § 924(c) conviction; and (3) the court improperly considered Manning's disciplinary history while incarcerated when imposing his upward-variant sentence.

3

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "In assessing whether a court committed procedural error by improperly calculating the advisory Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Hassan*, 742 F.3d 104, 148 (4th Cir. 2014) (internal quotation marks omitted).

In calculating Manning's adjusted offense level, the court adopted the probation officer's recommended Guidelines calculation, which grouped Counts 1 and 3. *See* USSG § 3D1.2(b). The probation officer assigned Count 1 a base offense level of 28 after it applied a cross-reference to the Guidelines provision applicable to attempted murder. S*ee* USSG §§ 2K2.1(a)(4)(A), (c)(1)(A), 2X1.1(c)(1), 2A2.1(a)(1). The probation officer then applied a four-level specific offense characteristic enhancement because the victim's wound represented a life-threatening injury and a two-level obstruction of justice enhancement. S*ee* USSG §§ 2A2.1(b)(1)(A), 3C1.1. Turning to Count 3, the probation officer calculated an adjusted offense level of 28 after it applied a two-level enhancement for obstruction of justice and a six-level specific offense characteristic enhancement accounting for the life-threatening injury the victim sustained during the attempted robbery

4

to the base offense level of 20. *See* USSG §§ 2B3.1(a), (b)(3)(C), 3C1.1. As Count 1 produced the higher adjusted offense level in the group, the probation officer applied an adjusted offense level of 34 to Counts 1 and 3. S*ee* USSG § 3D1.3(a). As the district court did not apply an enhancement pursuant to USSG § 2B3.1(b)(2)(F) and Application Note 2 does not prohibit the application of the cross reference in § 2K2.1(c)(1)(A), we conclude that the district court did not err in calculating Manning's adjusted offense level.

Manning also challenges the district court's upward variance based on his poor disciplinary record while incarcerated. We have held that "after a defendant's sentence has been set aside on appeal, a sentencing court may consider evidence of the defendant's postsentencing rehabilitation to support a variance from the advisory Guidelines range." *Unites States v. Spinks*, 770 F.3d 285, 290 (4th Cir. 2014) (citing *Pepper v. United States*, 562 U.S. 476, 480-81 (2011)). As the postsentencing rehabilitation consideration "applies to mitigating considerations with equal force as it applies to aggravating ones," *United States v. de Jesus Ventura*, 864 F.3d 301, 312 (4th Cir. 2017) (citation and internal quotation marks omitted), we conclude that the court's consideration of Manning's discipline history while incarcerated did not render his upward variance sentence procedurally unreasonable.

Finally, Manning seeks permission to file a supplemental pro se brief. Although we grant the motion, our review of his claims discloses no reversible error. Accordingly, we affirm the district court's amended judgment as to the claims challenging the calculation of Manning's advisory Guidelines range for Counts 1, 3, and 4.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED IN PART,*
*VACATED AND REMANDED IN PART,*
*AND AFFIRMED IN PART*